IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ALBERT LOPEZ, JR.,

        Petitioner,

vs.                                                                                                    No. CIV 92-337 SC/LFG

THOMAS UDALL, New Mexico
Attorney General,

        Respondent.


### MAGISTRATE JUDGE'S FINDINGS
### AND RECOMMENDED DISPOSITION[1]

      This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Albert Lopez ("Lopez"), currently confined in the New Mexico correctional system, challenges his conviction for aggravated assault on a peace officer entered by the Sixth Judicial District Court in *State of New Mexico v. Alberto Lopez*, No. CR-85-044 (County of Grant, New Mexico).

### Findings

    1. The procedural history of this petition is lengthy. In December 1985, a jury found Lopez guilty of aggravated assault upon a peace officer with a firearm, attempted aggravated burglary with a firearm, and aggravated assault with a firearm. Lopez was sentenced to a total term of incarceration

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

of four years, with two years of parole for aggravated assault on a peace officer; three years, plus two years of parole for attempted aggravated burglary; and two and a half years, plus one year of parole for aggravated assault.  Lopez appealed his convictions and the New Mexico Court of Appeals affirmed.  *State of New Mexico v. Lopez*, 105 N.M. 538, 734 P.2d 778 (Ct. App), *cert. denied*, 479 U.S. 1092 (1987), *cert. quashed*, 105 N.M. 521, 734 P.2d 761 (1987).

Thereafter, Lopez filed his first federal habeas petition in which he challenged the denial of the common law and the statutory defense of the bondsman's privilege.  The District Court granted Lopez's petition and vacated all of Lopez's convictions.  The State of New Mexico appealed, and the United States Court of Appeals for the Tenth Circuit affirmed in part and reversed in part.  The Tenth Circuit affirmed the reversal of all convictions, but one for aggravated assault on a peace officer (Henderson) and reinstated that conviction.  *Lopez v. McCotter*, 875 F.2d 273 (10th Cir.), *cert. denied*, 493 U.S. 996 (1989).

Lopez then filed his first state habeas.  He alleged his trial counsel was ineffective because counsel failed to impeach Henderson on certain points.  He further alleged ineffective assistance because he failed to demonstrate that Henderson committed perjury.  The state court held an evidentiary hearing and denied Lopez's petition.  Lopez appealed to the New Mexico Supreme Court and his appeal was dismissed.

Lopez filed another state habeas action, again alleging ineffective assistance of counsel with respect to trial counsel's failure to impeach Deputy Henderson with his incident report and statement given to the New Mexico State Police.  Another evidentiary hearing was held and, again, the petition was found to be without merit.  Lopez's request for certiorari was denied.

Lopez returned to federal court and initiated the instant action.  Respondent moved to dismiss on abuse-of-the-writ grounds.  The matter was assigned to Magistrate Judge Galvan for a report and recommendation. Lopez's request for an evidentiary hearing was denied.  Judge Galvan recommended that Respondent's motion to dismiss be granted and that the action be dismissed as barred by the doctrine of abuse of the writ.  The recommendation was adopted by the District Judge.  Lopez appealed to the Tenth Circuit, and in an unpublished decision, *Alberto Lopez Jr, v. Mondragon*, 28 F.3d 113, 1994 WL 268694 (10th Cir. 1994)(No. 93-2148), the circuit found that dismissal for abuse of the writ premature in light of Lopez's claim of actual innocence and because the Court had not received the state court record proper.  Thus, the Tenth Circuit remanded with instructions to consider Lopez's claim of actual innocence in light of the state court record as a whole.

The Court has now considered the briefs and the state court record, including Deputy Henderson's trial testimony, his incident report, the statement given to State Police Officer Martinez, the state petition for writ of habeas corpus filed December 18, 1989, the tapes of the June 29, 1990 evidentiary hearing, the state petition for writ of habeas corpus, filed June 10, 1991, the tapes of the September 18, 1991 evidentiary hearing, the transcript of Ollie Salinas taken January 22, 1991, and Carl Henderson's deposition taken March 30, 1990.

2.  Because Lopez filed his Section 2254 in 1992, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA) does not apply.

3. As a preliminary matter, the Court must determine whether Lopez meets the exhaustion requirement of 28 U.S.C. § 2254.  "The exhaustion requirement reflects a policy of comity, whereby a federal court will not interfere with a state court conviction without giving the state courts an opportunity to correct any alleged constitutional violations."  *Hernandez v. Starbuck*, 69 F.3d 1089,

1091 (10th Cir. 1995), *cert. denied*, 116 S. Ct. 1855 (1996). Respondent concedes, and this Court finds, that Lopez exhausted his available state remedies and that the petition is properly before the Court.

    4. Lopez raises the following grounds for federal habeas review:

    Ground One: Whether Lopez's trial counsel was ineffective in light of his failure to conduct an adequate pretrial investigation; his failure to examine witnesses sufficiently; and his failure to object to an improper jury instructions.

    Ground Two: Whether there was an unconstitutional variance between the crime charged in the criminal information and the crime described in the jury instruction.

    Ground Three: Whether Lopez was convicted without proof of the essential element of the use of deadly force.

    5. Respondent moves to dismiss the petition claiming that Lopez abused the writ. Respondent notes that these arguments were available to Lopez at the time he filed his first federal habeas and should have been included. Lopez, on the other hand, asserts that his conviction rests exclusively on the testimony of Deputy Henderson. Lopez claims that he learned after the termination of his first federal habeas, that Deputy Henderson recanted his trial testimony during a deposition. Thus, Lopez contends the information was unavailable when he filed his first petition and the bar should not apply. Moreover, Lopez claims that he did not point his gun at Deputy Henderson, and, thus, did not commit aggravated assault and is innocent.[2]

---

[2] The Jury was instructed that to find the defendant, Alberto Lopez, guilty of aggravated assault on a peace officer by use of deadly weapon as charged in Count II, the State must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
    1. The defendant, Alberto Lopez, displayed a 12 gauge shotgun to Cpl. Carl Henderson in a menacing manner while uttering words to the effect of, "Officer, put down your gun and back out of here, or we will shoot;"

6.  "[C]laims raised for the first time in a second or subsequent habeas petition will be dismissed as abusive unless the petitioner can show cause for the failure to raise the claim in an earlier habeas petition, and prejudice therefrom." *Andrews v. Deland*, 943 F.2d 1162, 1171 (10th Cir. 1991), *cert. denied*, 502 S. Ct. 1110 (1992).  "Cause", for purposes of applying the cause and prejudice test, `requires a showing of some external impediment preventing counsel from constructing or raising the claim.'" *Id. (quoting Murray v. Carrier*, 477 U.S. 478, 492 (1986)).  These rules apply to petitioners, with or without counsel.  *See, e.g., Worthen v. Kaiser*, 952 F.2d 1266, 1267 (10th Cir. 1992).

The procedural bar may also be overcome with a showing of actual innocence.  "Under *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), a petitioner who raises a gateway claim of actual innocence must satisfy a two-part test.  First, the petitioner's allegations of constitutional error must be supported "with new reliable evidence . . . that was not presented at trial."  *Id*.  Second, the petitioner must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  The actual innocence exception requires "review of procedurally barred, abusive, or successive claims only in the narrowest type of case--when a fundamental miscarriage of justice would result."  *Ruiz v. Norris*, 71 F.3d 1404, 1409 (8th Cir. 1995), *cert. denied*, 117 S. Ct. 384 (1996).  Put another way, "in deciding whether a petitioner has made the necessary showing of innocence, a federal court must make its own

---

2. This caused Cpl. Carl Henderson to believe he was about to be shot;
3. A reasonable person in the same circumstances as Cpl. Carl Henderson would have had the same belief;
4. The defendant, Alberto Lopez, used a 12 gauge shotgun;
5. At the time, Cpl. Carl Henderson was a Grant County Deputy Sheriff and was performing his duties;
6. This happened in New Mexico on or about the 27th day of May, 1985.

Record Proper 481.

determination of whether the "probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial: is sufficient to warrant consideration of the otherwise barred claims." *Amrine v. Bowersox*, 128 F.3d 1222 (8th Cir. 1997), *pet. cert. filed* (March 9, 1998)(M 97-8178).

7.  Here, Lopez attempts to overcome the cause bar by alleging ineffective assistance of counsel. Lopez claims that following his conviction, he retained a private investigator who learned of inconsistencies between Henderson's incident report, his statement given to Officer Martinez, and his March 30, 1990 deposition. Lopez claims Henderson said that he had backed down the street by the time Lopez picked up his weapon. Lopez argues that had his counsel been more diligent, this information would have been presented at trial and he would have been acquitted.

To establish a claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance fell below an objective standard of reasonableness, and that it was so prejudicial there is a reasonable probability that, but for counsel's errors, the result to the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

After a thorough and careful examination of the record, the Court finds that Lopez has not met his burden and therefore has not shown cause to overcome the abuse-of-the-writ bar.

In the prior evidentiary hearings, Lopez challenged trial counsel's performance regarding Deputy Henderson's cross-examination. The tapes of those hearings show that Lopez's counsel received full discovery, including the incident report, Henderson's statement to Officer Martinez and interviews. During his cross-examination of Henderson, trial counsel used the materials to impeach him. The trial court found that Henderson did not commit perjury. This Court affords the trial court's determination the presumption of correctness. Moreover, contrary to Lopez's assertions, trial counsel

conducted a thorough investigation and he considered and used the reports Lopez claims his private detective found.  The allegations concerning the effectiveness of Henderson's cross-examination were known by Lopez prior to the filing of his first federal habeas.  The fact that the jury believed Henderson does not mean that Lopez's attorney was ineffective.  Neither hindsight nor success is the measure.  Effective assistance of counsel is not necessarily synonymous with victory.  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994).  Trial counsel testified that he questioned Henderson about the sequence of events and pointed out the inconsistencies in his subsequent statements.  Counsel was candid about his representation and admits that his performance was neither perfect nor flawless.  That, however, is not the yardstick by which we measure the effectiveness of counsel.  Lopez has not shown that there was newly discovered evidence or that trial counsel was ineffective.  Lopez failed to demonstrate that his attorney's performance fell below an objective standard of reasonableness and that the attorney's performance was so prejudicial that there existed a reasonable probability that, but for these failings, the result would have been difference.  *Strickland v. Washington*.

    8.  Lopez contends that he is actually innocent of the crimes and relies on the deposition testimony of Henderson and Ollie Salinas.  A review of the entire depositions, and not just the excerpts cited to by Lopez, shows that Lopez's characterization of the testimony is erroneous.  The deposition testimony is not a recantation of Henderson's trial testimony.  It is consistent with Henderson's trial testimony and with the testimony given at the two evidentiary hearings.  "[P]utting a different spin on evidence that was presented to the jury does not satisfy the requirements set forth in *Schlup*."  *Bannister v. Delo*, 100 F.3d 610, 618 (8th Cir. 1996), *cert. denied*, 117 S. Ct. 2526 (1997).  The deposition does not exonerate Lopez.

Officer Henderson's reports lack detail.  He did not, as a historian, report every detail concerning the incident.  He explained, however, that the incident happened quickly, and Henderson also testified about his level of fear.  He demonstrated to the jury the manner in which Lopez held the gun.  Moreover, Ollie Salinas did not see the entire interaction between Lopez and Henderson, nor did he hear their conversation.  Deputy Henderson testified about seeing Lopez reach for the shotgun.  He testified that Lopez told him to put his weapon down and to back out or he would shoot, and Henderson heard and saw others nearby echo the same sentiment.  Henderson demonstrated the manner in which Lopez held the shotgun.  Ultimately, it was the jury's province to assess Henderson's credibility, together with the credibility of the other witnesses, and to consider the court's instructions on the law.

In sum, the Court finds that Lopez has not shown his actual innocence and, therefore, is not entitled to relief under this exception.  Accordingly, Lopez's petition is barred by the doctrine of abuse of the writ and his petition should be dismissed.

## Recommended Disposition

That the petition be dismissed.

_____
Lorenzo F. Garcia, U.S. Magistrate Judge

COUNSEL FOR PETITIONER:
Roger A. Finzel, Esq.

FOR RESPONDENT:
Anthony Tupler, Esq.